State of Iowa, Appellee, v. H. A. Platts, Appellant.

Criminal law: BURGLARY: INSTRUCTION: EVIDENCE. In this prosecution for burglarizing a drug store and stealing liquors therefrom, it was urged that the accused was too drunk to commit the crime. The only explanation of his possession of the liquor was his statement that he did not know where the same came from and that he had nothing to do with the handling thereof until it was

placed ·in his room, and was insufficient to support his theory that the liquor was brought there by another and to require an instruction on that subject.

Evidence held sufficient to sustain conviction.

*Appeal from Hardin District Court.*—HON. R. M. WRIGHT, Judge.

MONDAY, NOVEMBER 21, 1910.

INDICTMENT for burglary. Verdict and judgment of conviction. Defendant appeals.—*Affirmed.*

*Chas. A. Rogers* and *N. S. Carpenter,* for appellant.

*H. W. Byers,* Attorney General, and *Charles W. Lyon,* Assistant Attorney General, for the State.

EVANS, J.—On the night of November 5, 1909, the drug store of one C. T. Reed, at Steamboat Rock, was broken into and a considerable quantity of intoxicating liquors was stolen therefrom. The liquor so stolen was contained in pint and half-pint bottles, about one hundred in number. The defendant was suspected of the offense. A search of his room, under a search warrant, disclosed more than ninety bottles of liquor, which were identified by Reed as being the property taken from his store. At the time of the search, the defendant was found in a drunken condition lying on a cot. "He had a bottle under the pillow and some under the cot. He had some lying on the pillowcase and some in a box." It is urged, in his behalf, that he is an "alcohol fiend," and that he was too drunk to commit any crime, and that the evidence is insufficient to sustain the verdict.

We can not set out the evidence in detail. We have no doubt of the sufficiency of the evidence to sustain the verdict. The defendant was a witness in his own behalf.

He did not in terms deny the burglary. His only explanation of the possession of the liquor is the following: "I do not know where that liquor came from. I had nothing to do with the handling of the liquor in any way, shape, or form until it was set down in the house." Complaint is made that the trial court failed to call the attention of the jury to the defendant's "theory as to the possession of the goods." We are unable to discover any theory in his testimony. Counsel suggests that his theory was that the liquor was brought to his hovel by another. There is nothing in the evidence upon which to base such a theory in an affirmative sense. In a negative sense, it necessarily inhered in the case. There is evidence which has a slight tendency to show that the defendant had assistance. But the defendant himself testified to nothing of that kind.

Counsel suggest that certain numbered instructions are inaccurate and erroneous; but they do not argue the question. We have examined the instructions referred to, and discover no error therein. We think the instructions fully safeguarded the rights of the defendant. He appears to have had a fair trial in all respects, and we are impressed that the verdict could not properly have been otherwise. The judgment below must be *affirmed*.